UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMEEN PERRYBEY,

              Petitioner,

                                                                  Case No.: 13-cr-20670
v.                                                      Honorable Gershwin A. Drain

UNITED STATES OF AMERICA,

              Respondent.
_____/

**<ins>ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [#77, #91] AND DENYING A CERTIFICATE OF APPEALABILITY</ins>**

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

Presently before the Court is Petitioner Ameen Perrybey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on June 28, 2016. Petitioner's § 2255 motion asserts that his counsel was ineffective during the plea negotiation process, as well as for failing to rectify an improper criminal history score, and lastly Petitioner asserts that the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551(2015) requires that he be resentenced.

On August 1, 2016, the Court entered an Order holding the matter in abeyance pursuant to the Sixth Circuit's decision in *In re: Alford D. Embry, Movant*, 831 F.3d 377 (6th Cir. 2016). On July 24, 2017, the Court entered an

Order permitting Petitioner to file an amendment to his § 2255 motion to add a claim of ineffective assistance of counsel based on counsel's failure to seek credit for Petitioner's time in state custody. The Government filed a Response to Petitioner's § 2255 motion on September 28, 2017.

II.     **FACTUAL BACKGROUND**

On May 13, 2014, Petitioner entered a guilty plea for conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1); 841(c) and 846. In the agreement, the parties anticipated a total offense level of 27 and a criminal history category of VI with a guidelines range of 130 to 162 months imprisonment. The offense level reflected both the weight of the drugs and a two-level enhancement based on the guns that were recovered during the execution of a search warrant at Petitioner's home. The government also requested that the Court reduce Petitioner's total offense level by two levels in anticipation of an upcoming amendment to the drug guidelines. This resulted in a guidelines range of 110 to 137 months imprisonment.

At sentencing, the Government requested that the Court reduce Petitioner's guideline range by twenty percent and sentence him to a period of 96 months based on his agreement to cooperate against his co-defendants. The Court ultimately sentenced Petitioner to 90 months in custody. The judgment was entered on October 31, 2014.

## III.    LAW & ANALYSIS

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  In order for Petitioner to prevail under § 2255, he must "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  An action under § 2255 mandates that the district court grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255.

A threshold issue for § 2255 motions is whether the petitioner has brought the motion within the one-year statute of limitations period.  28 U.S.C. § 2255(f)(1)-(4).  The statute provides in part:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 movant does not pursue a direct appeal, his conviction becomes final on the date on which the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).

In this case, judgment was entered on October 31, 2014. Petitioner had ten days within which to file a notice of appeal. *Sanchez-Castellano*, 358 F.3d at 424. However, Petitioner did not appeal his conviction and sentence. As such, Petitioner's conviction became final on November 10, 2014, and he was required to file his § 2255 motion no later than November 10, 2015. However, Petitioner filed his § 2255 motion nearly seven months past the statute of limitations on June 28, 2016.

The one-year statute of limitations set forth in § 2255 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A movant

4

bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). In order to meet this burden, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the instant case, movant fails to articulate any basis for the application of equitable tolling. Thus, he fails to meet his burden showing that he pursued his rights diligently and that some extraordinary circumstance stood in his way. Petitioner's ineffective assistance of counsel claims one, two and four are therefore time barred because he filed them well past the statute of limitations set forth in § 2255 and has failed to establish that equitable tolling applies to these claims.

To the extent Petitioner contends that his *Johnson* claim falls within the ambit of § 2255(f)(1)(3), and therefore is timely filed, *Johnson* is inapplicable to Petitioner's sentence. Thus, even if *Johnson* had been made retroactive on collateral review, which it has not, Petitioner is not entitled to relief on this claim. *See Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* concerned the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924e(2)(B)(ii), and the Supreme Court's conclusion that the residual clause violates the Fifth Amendment's guarantee of due process. *Johnson*, 135 S. Ct. at 2557. Petitioner was not sentenced under the Armed Career Criminal Act. Rather, he was given a

two-level enhancement under U.S.S.G. 2D1.1 of the sentencing guidelines for his possession of a firearm in connection with controlled substances. Petitioner is likewise not entitled to §2255 relief on his third claim.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c) (3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Supreme Court has provided that, to demonstrate entitlement to a certificate of appealability pursuant to § 2255, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a § 2255 motion is denied on procedural grounds without

reaching the underlying merits, a certificate of appealability should issue if the movant shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-858.

Here, the Court concludes that reasonable jurists would not find it debatable whether Petitioner's § 2255 motion is untimely as found by this Court, nor would jurists of reason debate whether Petitioner's *Johnson* claim should have been decided in a manner different than that reached by this Court. Therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [#77, #91] is DENIED.

A certificate of appealability shall not issue.

Dated: May 10, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 10, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk