UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

AMEEN PERRYBEY,

    Defendant.
_____/

Case No. 13-cr-20670-GAD-RSW-1

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER (ECF No. 150) AND SETTING DATE FOR SUPERVISED RELEASE VIOLATION HEARING</u>**

**I.   INTRODUCTION & BACKGROUND**

On May 13, 2014, Defendant Ameen Perrybey pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1); (c) and 846. *See* ECF No. 51. The undersigned sentenced Defendant to a 90-month term of imprisonment followed by a 3-year term of supervised release on October 23, 2014. *See* ECF No. 69, PageID.262–65. Defendant began his supervised release on March 12, 2021 and is currently scheduled to finish it on March 13, 2024.

1

However, Defendant has allegedly violated his supervised release several times.[1] First, on September 27, 2022, Defendant and his associates allegedly broke into and burglarized the Tiger Smoke and Vape Shop in Warren, Michigan before fleeing from the police in a car that was later identified as Defendant's and was later found to contain masks similar to those worn by the burglary suspects. ECF No. 152, PageID.592–93. The Macomb County Prosecutor's Office has charged Defendant in this matter. *Id.* at PageID.593. Second, Defendant allegedly participated in burglarizing Bloomfield Pharmacy in Pontiac, Michigan on February 26, 2023, and clothing matching the distinctive clothing one of the suspects was recorded on surveillance footage wearing was recovered from Defendant's house. *Id*. Defendant also has pending charges for this offense. *Id*. Third, on March 2, 2023, Defendant allegedly burglarized Sunoco gas station in Independence Township, Michigan, and clothing matching that worn by one of suspects captured on surveillance footage, as well as a prybar matching the one used to enter the gas station, were later recovered from Defendant's house and car. *Id.* at PageID.593–

---

[1] Defendant was first alleged to have violated his supervised release in April and May 2021 by threatening his ex-girlfriend and possessing a firearm and again in October 2021 by participating in an unarmed robbery and carjacking in Detroit, Michigan. ECF No. 128. However, following a hearing that included testimony from the officer in charge of the unarmed robbery and carjacking case, the Court determined there was insufficient evidence that Defendant had committed the alleged supervised release violations. The Court thus dismissed the pending violations and continued Defendant's supervised release.

94. Charges are anticipated to be filed for this offense as well. *Id.* at PageID.5994. In addition to the evidence discussed *supra*, cell tower records allegedly place Defendant's phone near the sites of each of these burglaries at the times they occurred. *Id.* at PageID.593–94. Of these three incidents, only the alleged September 27, 2022 burglary of Tiger Smoke and Vape Shop has been formally charged as a supervised release violation. *See* ECF No. 149.

Defendant appeared before Magistrate Judge Anthony P. Patti for a detention hearing on March 10, 2023. *See* ECF No. 151. The Magistrate Judge ordered Defendant detained pending his supervised release violation hearing. ECF No. 147. In so doing, the Magistrate Judge found, *inter alia*, that "there are multiple pieces of evidence linking [Defendant] to three separate criminal incidents[,] . . . including breaking and entering and high speed flight from the police, with impending state charges for breaking and entering a building with intent, as well burglar's tools-possession." *Id.* at PageID.546–47. The Magistrate Judge thus concluded that "pursuant to 18 U.S.C. 3142(e)(2), [] no condition or combination of conditions can reasonably assure [Defendant's] appearance for the upcoming hearing[,] . . . his own safety[,] or the safety of the community" and "pursuant to [Federal Rule of Criminal Procedure] 32.1(a)(6), [Defendant] has failed to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of other persons in the community if released." *Id.* at PageID.547.

3

Presently before the Court is Defendant's Motion for Revocation of Detention Order and Release on Bond, ECF No. 150, filed on March 15, 2023. The Government timely responded, ECF No. 152, and the Court held a hearing on the Motion on March 21, 2023. For the following reasons, as well as those discussed on the record during the hearing, the Court **DENIES** Defendant's Motion for Revocation of Detention Order and Release on Bond (ECF No. 150).

## II.  LAW & ANALYSIS

### A. Legal Standard

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), an individual who has a pending supervised release violation may be released or detained under 18 U.S.C. § 3143(a)(1) pending further proceedings. The defendant seeking release has "[t]he burden of establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court considers the (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the

4

danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### B. Discussion

First, the Court considers the nature and circumstances of Defendant's alleged supervised release violation. Defendant concedes that his alleged September 27, 2022 supervised release violation—the alleged burglary of Tiger Smoke Shop—involves "serious conduct." ECF No. 150, PageID.556. Notably, Defense Counsel filed the instant motion before becoming aware of the two additional burglaries Defendant is alleged to have committed this year. Given that Defendant makes no argument in support of why the first § 3142(g) factor supports his release, he has not carried his burden under Fed. R. Crim. P. 32.1(a)(6), particularly in light of the additional alleged burglaries. As such, the nature and circumstances of the supervised release violation support detention.

Second, the Court considers the weight of the evidence against Defendant. The second § 3142(g) factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Here, despite Defendant's arguments at the hearing to the contrary, there is evidence indicating Defendant was, in fact, involved in the burglary that underlies his alleged supervised release violation, even if that evidence is circumstantial. Notably, the Government also asserts that Defendant has been

5

linked to additional burglaries in other jurisdictions throughout Michigan, including Lincoln Park, Livonia, Farmington, and Brownstown. Defendant does not offer any counterargument to the Government's assertion that the alleged string of burglaries presents strong evidence of his dangerousness to any other person or the community. As such, he has not carried his burden under Fed. R. Crim. P. 32.1(a)(6), and the second § 3142(g) factor weighs in favor of detention.

Third, the Court reviews Defendant's history and characteristics, which are statutorily separated into two categories. The first category examines the "person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

The second category unquestionably weighs against release. With respect to the first category, Defendant contends that he has been supporting his partner and their daughter throughout his term of supervision and that he has strong community ties, a stable place to live, and regular work through the Millwrights Union for which

6

he has received excellent reviews.[2]  ECF No. 150, PageID.555–56.  The Court concludes that Defendant's community and family ties, as well as his employment situation, support a finding that Defendant will not flee.  However, as far as the Court is aware, these conditions also existed when Defendant allegedly engaged in the string of burglaries, so they do not support a finding that he will not pose a danger to any other person or the community.  Moreover, in addition to the felony conviction underlying this matter, the charged offense underlying the instant alleged supervised release violation, and the additional uncharged burglaries, the Government asserts that Defendant has three other felony theft convictions and several other violations.  As such, Defendant has not met his burden under Fed. R. Crim. P. 32.1(a)(6), and his history and characteristics also weigh in favor of detention.[3]

---

[2] Defendant argued in his motion that he would be able to begin working in mid-March 2023.  ECF No. 150, PageID.555–56.  However, during the hearing on the Motion, Defense Counsel clarified that Defendant's next assignment is set to begin in early June 2023.

[3] Defendant also asserts that being released on bond would enable him to better defend against the state charges arising from the alleged burglaries.  ECF No. 150, PageID.556.  While the Court recognizes the truth of this contention, this is not one of the factors the Court is directed to consider under the third factor or any of the other § 3142(g) factors.  Regardless, while the undersigned is sympathetic to the difficulties Defendant may face defending these actions while incarcerated, this does not change the Court's ultimate determination.

Finally, the Court considers the nature and seriousness of the danger to any other person or the community posed by Defendant's release. The Court must "look to more than whether or not the defendant himself has been guilty of physical violence," but also to the safety of the community as a whole. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). Defendant asserts that there is nothing to indicate that he would not appear in Court as necessary and that the safety of the community can be ensured through home incarceration.[4] ECF No. 150, PageID.556.

Given Defendant's history, the Court is not persuaded that home incarceration would be sufficient to ensure the safety of the community. Defendant's alleged conduct indicates a level of contempt for court-ordered conditions of release, as the Government contends that he has participated in eight burglaries since his supervised release term began in 2021, as well as contempt for authorities and disregard for others' safety, as Defendant allegedly fled from the police during the February 26, 2023 burglary. The Court is especially concerned that the alleged February 26, 2023 Bloomfield Pharmacy burglary involved the theft of controlled substances given Defendant's prior conviction for conspiracy to distribute a controlled substance,

---

[4] In his Motion, Defendant requested home confinement with a GPS tether, with permission to leave for court appearances and attending work. ECF No. 150, PageID.556. However, because Defendant does not currently have work lined up, Defense Counsel argued in favor of home incarceration during the hearing on the Motion.

which also involved burglaries of pharmacies. As such, the nature and seriousness of the danger posed by Defendant weighs in favor of detention.

### III.   CONCLUSION

Accordingly, for the reasons articulated *supra*, as well as those discussed on the record during the March 21, 2023 hearing, Defendant has failed to show by clear and convincing evidence that he will not pose a danger to any other person or the community. Fed. R. Crim. P. 32.1(a)(6). Thus, **IT IS HEREBY ORDERED** that Defendant's Motion for Revocation of Detention Order and Release on Bond (ECF No. 150) is **DENIED**. Defendant shall remain in the custody of United States Marshall Service and **DETAINED** until resolution of his supervised release charges.

**IT IS FURTHER ORDERED** that, per the agreement of the Parties reached during the March 21, 2023 hearing, the Parties are **ORDERED** to **APPEAR** before the Court for a supervised release violation hearing on **May 2, 2023 at 3:00 p.m.**

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2023

9

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 24, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager